Porter, J. Judge
Judge Martin has gone very fully into this case, and it is perhaps unnecessary for me to say any thing more than express *649 my concurrence with the opinion he has drawn up and communicated to me.
East'n District.
May, 1821.
It appears by evidence that on the appointment of syndics to the insolvent's estate, they entered into and took possession of the property in the hands of the defendant, acting I presume upon the principle, that the sale from the father to his sons of the plantation was fraudulent, and that they had a right to disregard it.
Now this step appears to me to have been both harsh and illegal. If the sale was fraudulent, it was not less a sale, and binding upon third parties, until declared null by an action which the law gives for that purpose. Curia Philipica, lib. 2, Verbo Revocatoria, no. 1. And the possession of the vendees was a legal possession until deprived of it in due course of law.
With the question of fraud, therefore I think we have nothing to do in this case, and our enquiry must be limited to the single fact—had the claimants possession of this property at the time that the syndics forcibly took it from them? The evidence is satisfactory to my mind that they had. I am therefore of opinion that the judgment of the district court be annulled. *650 avoided and reversed, and that it be ordered, adjudged and decreed that the claimants do recover from the plaintiffs, the amount of the sugar and molasses bonded in this cause, and that the plaintiffs and appellees pay the cost of this appeal.
Martin, J.
The plaintiffs, creditors of the defendant, brought their action for the forced surrender of his property, on the 7th of February, 1820. A few days after, George and Balthazar Weimprender, his sons, presented their petition of intervention; stating, that the syndics of the defendant’s creditors were about seizing, as part of his estate, a plantation and negroes, the property of the intervening party, purchased by them from the defendant, by a bill of sale, under his private signature, of the 2d of May, 1817, and duly recorded in the office of the parish judge, on the 8th of July, 1819; whereupon they obtained an order, by which the syndics were enjoined from interfering with the said plantation or negroes.
On the 11th of March, Marguerite Weimprender, wife of George Weimprender, and George and Balthazar Weimprender, filed *651 their claim to ninety-seven hogsheads of sugar, sixty barrels of molasses, and a number of barrels of sugar, taken by the defendant’s syndics, as part of his estate, and obtained the delivery of them on giving bond.
George and Balthazar Weimprender, having dismissed their petition of intervention, the claim of Marguerite, and George and Balthazar Weimprender, was submitted to a jury, who found, that one-third of the property claimed belongs to Marguerite Weimprender, and the rest to the syndics of George Weimprender, the father. Judgment being given accordingly, the claimants appealed.
By the testimony given in this case, reduced to writing, in open court, it appears, that
Roland Bouligny, a witness for the claimants, deposed, that he purchased, about three years ago, the crop of sugar of the plantation between that of Achilles Trouard and that of Mrs. Weimprender, the wife of the insolvent and defendant, and the mother of the claimants George and Balthazar; that he treated for it with the claimant George, who consulted his mother, who consented to the sale; *652 that he knows that they (George and Balthazar) have been in possession of said plantation since the purchase. He has since purchased forty hogsheads of sugar from George. He knows that the mother and sons were concerned jointly in the cultivation of said plantation. He knows but one sugar-house on the plantation of the mother and sons; and knows not of any division having been made between the land of the mother and that of the sons. When he bought sugar of them, he treated with the mother and sons jointly.
On his cross-examination, he declared, that he resides in New-Orleans, and has never resided in the parish of St. John Baptist. He has known Weimprender, the father, these ten years. He used to come to deponent’s house, then a tavern-keeper. He never was on the plantation of Mrs. W. nor that of her sons, before he purchased their crop; he staid two days. He paid partly down, and partly in his obligations to George. He gave a quarter of a cent per pound, below market price, the sugar being a little inferior in quality. He was there a second time after, when he bought the forty hogsheads.
*653 J. Navarre, a witness on the same side, deposed, he knows that George and Balthazar Weimprender have been in possession of the plantation claimed by them since 1817. He was present at the sale. It is bounded above by that of their mother, and below by that of A. Trouard, and forms but one plantation with that of the mother, i. e. there is no fence between them. The whole land is cultivated in common; the sugar is manufactured in a house, which stands on her part; there is no house only a few cabins on the part of the sons. The sugar seized was made by the mother and sons.
On his cross-examination, this witness declared, he has known Weimprender, the father, about eleven years. Was, for the first time, about two hours on the above plantation, in 1816. He does not know who was in possession before the sale, being a stranger. He was a witness to a deed, from the father to his two sons, of a plantation of four acres. He saw the consideration paid, viz. $6000 in bank notes, and two obligations, as well as he recollects. He did not count the money. He does not know who wrote the deed, but thinks it was a planter. This was *654 in 1816 or 1817, he cannot positively say; having no interest in the transaction, he did not charge his memory with it. It was on an afternoon, before sun-set. The family were present. Messrs. Losseu and Trouard were witnesses, and several other persons unknown to the deponent. The deponent does not know who had the direction of the plantation in 1816, as he was but a couple of hours on it; but he knows, that since 1817, George Weimprender’s son has the direction of it. The father resides on the land. The notes were written before the deponent and other witnesses.
The documents introduced in evidence, at the suit of Marguerite Weimprender, wife of George Weimprender, father, against him, wherein she obtained a separation of property, on the 25th of March, 1816, and a notarial copy of the execution of said separation, executed on the 3d of April, 1817, under which she claims her plantation, were read.
On the part of the syndics, the proceedings between the said George Weimprender, the father, and his creditors, were read.
It appears to me, notwithstanding the utmost inclination which I share with the other *655 members of this court, to support the verdict of a jury, an imperious duty commands us to disregard the present, notwithstanding the learned judge having declared himself satisfied therewith. The sale of the plantation of the insolvent to his sons, took place nearly three years before his failure, and was recorded seven months before it. The evidence by which their possession and management of the premises is proven, is uncontradicted by any other. The near relationship of the parties is the only circumstance which appears to excite suspicion; but my mind cannot assent to the proposition of receiving it as strong prima facie evidence of fraud. I see nothing irregular in the transaction, and it appears to me, the claimants have fairly supported their pretentions. They ought to recover.
Denis for the plaintiffs, Eustis for the defendants.