*HESSER* vs. *BLACK & AL.*

APPEAL from the court of the sixth district.

A deed cannot be set aside as fraudulent by a creditor who becomes such after the date of the alienation, unless it be proved it was made with an intention to defraud future creditors.

PORTER, J. delivered the opinion of the court. This action is brought to recover possession of a tract of land from the defendants, who set up title to it under a sale made by the sheriff of the parish of Natchitoches, in the year 1825. This sale purports to be made under a judgment rendered against the father of the plaintiff. The answer avers that the conveyances under which the plaintiff claims are fraudulent and void.

It appears in evidence, that the father sold to one Poissat, in the year 1808 ; and that the deed from Poissat to the plaintiff, is dated the 30th October, 1820. The judgment under which the defendants claim was rendered in 1817.

We have been in the habit of giving great weight to the decisions of the court below on questions of this kind. But in the present instance we are unable to see any evidence on which the judge *a quo* sustained the defence. The error into which he fell, most probably arose from considering this as an ordinary case where creditors attack an act made in fraud of their rights. The proof adduced, shews, however, that the plaintiff, in execution, did not become creditor until years after the date of this conveyance from the plaintiff's father, which is alleged to be fraudulent. Under such circumstances our law only gave an action, when it was proved that at the time of the alienation the party alienating *had the intention to defraud the future creditor*. The great difficulty of furnishing this proof, in practice, made the Spanish jurisprudence very nearly the same as the Roman, where the rule was, that subsequent creditors could not revoke alienations made previous to their contracting with their debtors, unless the money lent went to pay the old creditors, in which case it was held the new ones might exercise their rights. The amendments lately made to the civil code, contain a

West'n Dis't
October, 8 6.

HESSER
vs.
BLACK & AL.

positive provision, that creditors cannot annul a contract made before the time their debt accrues. *ff. quœ in fraud. cred. L.* 10. § 1. *l.* 15 *&* 16. *Curia Phillip. Lib.* 2, *cap.* 13, *verbo revocatoria No.* 12. *Lou. Code* 1988. *See also the case of Sides* vs. *McCullough,* 7 *Martin* 655.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the plaintiff do recover of the defendants the premises mentioned in the petition, with costs in both courts.

*Bullard* for the plaintiff, *Morris* for the defendant.